Samuel Eugene **CORBIN**, etc., et al.,
Plaintiffs,

v.

**COUNTY SCHOOL BOARD OF LOUDOUN COUNTY, VIRGINIA,**
et al., Defendants.

**Civ. A. No. 2737.**

United States District Court
E. D. Virginia,
Alexandria Division.

May 16, 1963.

Order Aug. 29, 1967.

------◆------

S. W. Tucker, Richmond, Va., and Otto L. Tucker, Alexandria, Va., for plaintiffs.

Carleton Penn, Leesburg, Va., Henry T. Wickham and A. B. Scott, Richmond, Va., Frank L. Ball, Jr., Arlington, Va., for defendants.

Ramsey Clark, U. S. Atty. Gen., John Doar, Asst. Atty. Gen., Washington, D. C., C. Vernon Spratley, Jr., U. S. Atty., Alexandria, Va., and Stefan C. Long, Asst. U. S. Atty., Alexandria, Va., and Monica Gallagher and Frank E. Schwelb, Dept. of Justice, Washington, D. C., for the United States, intervenor.

## MEMORANDUM OPINION AND ORDER

OREN R. LEWIS, District Judge.

The infant Negro plaintiffs, through their parents and next friend, for themselves and others similarly situated, bring this suit against the County School Board of Loudoun County, Virginia, C. M. Bussinger, its Division Superintendent, and E. J. Oglesby, Alfred L. Wingo and E. T. Justis, individually and constituting the Pupil Placement Board of the Commonwealth of Virginia, seeking admission to Loudoun County High School and a temporary and permanent injunction restraining and enjoining the defendants from any and all action that regulates or affects, on the basis of race or color, the initial assignment, the placement, the transfer, the admission, the enrollment or the education of any children to or in any public school.

The facts in this case, as adduced at the hearing, are as follows: The assignment and placement of pupils in the public schools of Loudoun County, Virginia, and the fixing of attendance districts therefor, is vested in the Pupil Placement Board pursuant to Section 22–232.1 et seq., of the Code of Virginia. The infant Negro plaintiffs made timely application to the Pupil Placement Board for admission to the Loudoun County High School for the school year 1962–63. These applications were denied June 21, 1962, with the notation "Lack of academic qualifications," and the children were assigned to the Douglas School (Negro). None of the parents or guardians of these children requested a hearing or review by the Pupil Placement Board as provided by the Pupil Placement Act. Instead, they elected to file the instant suit in this Court, contending the Virginia statutes pertaining to the enrollment and placement of pupils does not provide an adequate remedy for the relief they seek.

■ Prior to and at the time of the institution of this suit, Loudoun County maintained what is commonly known as a dual (colored and white) school system. Students enrolled in either system there remained until completion of their public school education, except on application for a transfer. In effecting such transfer, different criteria were considered in the case of Negro children than in the case of white children similarly situated.

■ The continuation of such a school system and the assignment and/or transfer of pupils are not in accord with the law of the land as recently enunciated by the Court of Appeals in the Richmond, Roanoke and Caswell County cases.

In accordance with these recent decisions, the Pupil Placement Board abolished the then existing dual school system in Loudoun County, and announced in open Court during the hearing of this case that, effective with the 1963–64 school year, all children in Loudoun County would be assigned to the school of their

choice on an indiscriminate basis, without regard to race, color or creed, limited only by the capacity of the physical school plant. To be so assigned the parents or guardians of said children need only comply with the rules of procedure established for the assignment of pupils seeking a specified school in Loudoun County.

The procedure thus referred to was submitted to this Court for consideration and approval. Facially, the proposed plan meets all constitutional requirements, and the Pupil Placement Board, through Mr. Alfred L. Wingo, one of the members thereof, and A. B. Scott, Esquire, its counsel, assured the Court the plan will be administered without regard to race, color or creed. No evidence was offered to the contrary.

The proposed procedure for the assignment of pupils in the public schools of Loudoun County, the original of which is attached hereto and made a part hereof, is herewith approved, and the members of the Pupil Placement Board and their successors in office are herewith directed to make all assignments to the public schools of Loudoun County in strict accordance therewith until the further order of this Court; and the said defendants, and each of them, and their successors in office, their agents and employees, are enjoined and restrained from any and all other action that regulates or affects, on the basis of race or color, the initial assignment, the placement, the transfer, the admission, the enrollment or the education of any children to and in any public school of Loudoun County, Virginia.

It is further ordered that the defendants, and each of them, their successors in office, and their agents and employees, are herewith enjoined and restrained from denying the infant plaintiffs, or either of them, solely on account of race or color, the right to be enrolled in, to attend and to be educated in, the public schools to which they, respectively, have sought admission, provided only they make timely application as provided for in the paragraph above.

In order that all interested parties may be fully acquainted with the Procedure to be followed by all persons seeking admission to a specified public school in Loudoun County, Virginia, effective with the term beginning in the Fall of 1963, the Pupil Placement Board, and/or the County School Board of Loudoun County, is herewith directed to publish said Procedure in a publication having general circulation in Loudoun County, at least once a week for two successive weeks prior to June 1, 1963, and to publicize the same by such other means as it deems proper.

The effective date for making application for specific assignments for the school year 1963–64 is herewith extended to June 15, 1963. Thereafter the effective date shall be as announced publicly by the Division Superintendent each year but in any event prior to June 1.

It is further ordered that this Court retain jurisdiction of this cause for such other proceedings and the entry of such further orders as are necessary and proper.

It is further ordered that the defendants pay the costs incident to the prosecution of this case.

The Clerk is directed to furnish and the United States Marshal is directed to forthwith serve a certified copy of this order upon each of the named defendants.

## ORDER

This cause having come on for hearing upon the motions of the United States of America and of the individual plaintiffs and plaintiff-intervenors for supplemental relief; and it appearing that on May 16, 1963 this Court entered an order designed to eliminate from Loudoun County the then-existing dual school system based on race, and a hearing having been held on August 25, 1967 on the aforesaid motions;

And the Court, after having given due consideration to the pleadings, testimony and arguments of counsel, being of the opinion that the schools of Loudoun Coun-

ty should be desegregated in accordance with the provisions of this order;

Now, therefore, it is hereby ordered that the defendants, their employees, agents, successors, and all persons in active concert or participation with any of them, take appropriate measures to accomplish the following:

1. Effective for the 1967–68 school year, the defendants shall assign all Negro elementary school students in the system who reside outside the town limits of Leesburg to the schools nearest their homes having the capacity to accommodate them. For purposes of this order, the capacity of a school shall not be considered to be less than as indicated in the stipulation filed herein on August 25, 1967.

2. As soon as practicable during the 1967–68 school year, and consistent with economy and efficiency, all transportation of pupils shall be desegregated and, to that end, the defendants shall forthwith discontinue the practice of limiting any particular bus route to any particular school whenever such limitation results in unreasonable overlapping between the routes of buses serving traditionally white schools and those serving traditionally Negro schools.

3. The defendants, having commenced the integration of the faculties for 1967–68 school year, shall, on or before January 1, 1968, file with the Court and serve on opposing counsel, a plan for the integration of the faculties and staffs of all schools in the Loudoun County School system effective with the commencement of the 1968–69 school year.

4. On or before January 1, 1968 the defendants shall file with the Court and serve upon opposing counsel, a detailed report setting forth the action taken by them to comply with those provisions of this order which are effective for the 1967–68 school year. This report shall include:

(a) The number of teachers by race and of pupils by race and grade, assigned to or attending each school in the Loudoun County system; and

(b) The number of pupils by race and school riding on each school bus in the Loudoun County system.

5. No later than the commencement of the 1968–69 school year, the Loudoun County Elementary Schools shall be operated on the basis of a system of compact, unitary, non-racial geographic attendance zones in which there shall be no schools staffed or attended solely by Negroes. Upon the completion of the new Broad Run High School, the high schools shall be operated on a like basis.

6. On or before October 1, 1968, defendants shall file with the Court, and serve upon opposing counsel, a report showing the number of teachers and pupils by grade and by race in each school in the system.

The individual plaintiffs and individual plaintiff-intervenors shall recover of the defendants their costs herein.